# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS. 5:20-cr-253 |
| | ) | 1:21-cr-21 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JUSTIN MICHL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are three filings by *pro se* defendant Justin Michl ("Michl"). Two of the filings appear in N.D. Ohio Case No. 5:20-cr-253: a first filing, styled "Motion for an Order to Show Cause" (Doc. No. 58), and a second filing, styled "Motion Under 21 U.S.C. § 853(e)(1)" (Doc. No. 66), which the Court collectively construes as a motion to set aside forfeiture pursuant to 18 U.S.C. § 983(e).[1] Plaintiff United States of America (the "government") has filed an opposition. (Doc. No. 61 (Response).) Michl seeks the recovery of three pieces of property:

1. Rolex Oyster Perpetual Date Just 36mm Men's Watch Serial Number 126353/126333;

2. Rolex Lady Date Just 3/mm Pink Mother of Pearl 18K White Gold Watch Serial Number 8409539; and

3. 10K Gold Chain 300 Grams Weight; See Exhibit: 20-DEA-662909 Asset ID.

---

[1] Michl describes his motion as a "Motion Under 21 U.S.C. § 853(e)(1)[.]" (*See* Doc. No. 66, at 1.) The government also cites to 21 U.S.C. § 853(e)(1). (*See* Doc. No. 61, at 2.) But the provision the government quotes, which governs motions to set aside forfeiture, is 18 U.S.C. § 983(e). (*See id.* at 2–3.)

(Doc. No. 58, at 1). Michl filed a similar motion in N.D. Ohio 1:21-cr-21. (*See* N.D. Ohio 1:21-cr-21 Doc. No. 146).[2]

I. **BACKGROUND**

On May 20, 2020, an indictment issued in N.D. Ohio Case No. 5:20-cr-253, charging Michl with one count of possession with intent to distribute tetrahydrocannabinols, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count One); one count of possession of firearms in furtherance of drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and one count of engaging in a monetary transaction in property derived from a specified unlawful activity, in violation of 18 U.S.C. § 1957 (Count Three). (Doc. No. 9 (First Indictment), at 1–2.) The indictment also sought forfeiture of the proceeds from, and the property obtained as a result of, the charged violations, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). (*Id.* at 2–3.)

On January 28, 2021, an indictment issued in N.D. Ohio Case No. 1:21-cr-21, charging Michl and three co-defendants with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One) and possession with intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (Doc. No. 14 (Second Indictment), at 1–2.) The indictment also sought forfeiture pursuant to 21 U.S.C. § 853 of the proceeds from, and the property obtained as a result of, the charged violations. (*Id.* at 2.)

On June 10, 2021, pursuant to a plea agreement, Michl pleaded guilty to Counts One and Two of the First Indictment. (Doc. No. 43 (Plea Agreement), at 6–7.) The government agreed to dismiss Count Three at sentencing. As to the Second Indictment in Case No. 21-cr-21, Michl

---

[2] While this opinion cites to and discusses N.D. Ohio 5:20-cr-253, the Court's analysis applies equally to both cases.

2

pleaded guilty to Count Two, and the government agreed to dismiss Count One at sentencing. (*Id.* at 7.) On April 19, 2022, Michl was sentenced to an aggregate term of 91 months in prison. (Doc. No. 53 (Judgment), at 2.)[3]

Agents of the Drug Enforcement Administration ("DEA") seized the property at issue on April 30, 2020, through the execution of a search warrant at Michl's residence. (*See* Doc. No. 61-2 (Declaration of Vicki L. Rashid) ¶ 4(a).) On June 5, 2020, the DEA sent written notice of the seizure to Michl's address at the Northeast Ohio Correctional Center ("NEOCC"). (*Id.* ¶ 4(b).) The letter was not returned to the DEA. (*Id.*) The DEA also sent notice letters of the seizure to two potential home addresses for Michl, one of which was returned and one of which was not. (*Id.* ¶ 4(c)–(d).) The DEA also posted notice of the seizure on Forfeiture.gov, an official government forfeiture website, for a period of 30 days beginning on June 22, 2020 and ending on July 21, 2020. (*Id.* ¶ 4(g).) The mailed notice letters stated that the deadline to file a claim to challenge the forfeiture was July 10, 2020, and the online notice posting stated that if the mailed notice was not received, the deadline was August 21, 2020. (*Id.*)

On December 20, 2021, the DEA confirmed the address for NEOCC and confirmed that Michl was currently incarcerated there. (*Id.* ¶ 4(h).) It then sent another notice letter to Michl at NEOCC through certified mail, return receipt requested. (*Id.*) On December 28, 2021, an individual accepted delivery of the notice letter and signed the "Signature" block. (*Id.*) No properly executed claim challenging the forfeiture was filed. (*Id.* ¶ 4(m).) Thus, on April 26, 2022, the property at issue was forfeited to the United States. (*Id.*)

---

[3] This sentenced covered both N.D. Ohio 5:20-cr-253 and N.D. Ohio 1:21-cr-21. (*See id.*)

### II. STANDARD OF LAW

Actions to set aside forfeiture are governed by 18 U.S.C. § 983(e), which provides that

> [a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

A § 983 motion is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Relief from forfeiture is available "only in instances where the injured party did not receive adequate notice to challenge the proceeding." *See Mesa Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir. 2005). The court "lacks jurisdiction to review the merits of the forfeiture determination, but can only review the procedures followed." *In re: Seizure of $143,265.78 from Comerica Checking Account No. 1851349546 & $28,687.40 from Checking Account No. 1080022185*, 616 F. Supp. 2d 699, 705 (E.D. Mich. 2009), *aff'd*, 384 F. App'x 471 (6th Cir. 2010) (citing *Mesa Valderrama*, 417 F.3d at 1196). Therefore, the only issue properly before the Court is whether there was adequate notice.

Thus, in order to succeed on a § 983(e) claim, Michl must show not only that the government failed to take reasonable steps to notify him, but also that he did not know or have reason to know of the seizure within sufficient time to file a timely claim. *See United States v. McClendon*, 10 F. App'x 341, 344 (7th Cir. 2001). It is knowledge of the seizure, not the forfeiture

4

action, that is required. *In re Sowell*, No. 08–51163, 2009 WL 799570, at *3 (E.D. Mich. Mar. 19, 2009).

### III. DISCUSSION

The government argues that it took reasonable steps to provide notice by sending written notice of the seizure to Michel at NEOCC and by posting notice of the seizure on Forfeiture.gov, an official government forfeiture website, for a period of 30 days. (Doc. No. 61, at 3–4.) The Supreme Court established constitutional notice requirements in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950), wherein it held that "notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In *Dusenbery v. United States,* 534 U.S. 161, 168–69, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002), the Supreme Court found the government met constitutional due process requirements when it sent notice of forfeiture proceedings involving drug proceeds to petitioner by certified mail to the correctional facility where he was housed, even though he never actually received the notice. The Court dismissed the petitioner's argument that he did not receive "actual" notice, noting that "our cases have never required actual notice." *Id.* at 171. The Court explained that the "Due Process Clause does not require . . . heroic efforts by the Government; it requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action[.]" *Id.* at 170 (quoting *Mullane*, 339 U.S. at 315).

In this case, the government took sufficient steps to provide notice to comport with due process. The first notice letter the government sent to Michl at NEOCC was not confirmed to have been received. (Doc. No. 61-2 ¶ 4(b).) After confirming the valid address for NEOCC with the institution, the government sent another written notice via certified mail with return receipt

5

requested. (*Id.* ¶ 4(h).) An individual signed the certified mail card "Signature" block accepting delivery of this letter. (*Id.*) According to the holding in *Dusenbery v. United States,* 534 U.S. at 168–69, these steps were adequate, despite Michl's claims that he did not receive actual notice. (*See* Doc. No. 66, at 4–5.)

## IV. CONCLUSION

For the reasons given, Michl's motions to set aside forfeiture (N.D. Ohio Case No. 5:20-cr-253, Doc. Nos. 58, 66; N.D. Ohio Case No. 1:21-cr-21, Doc. No. 146) are DENIED.

**IT IS SO ORDERED**.

Dated: April 8, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**