# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS. 5:20-cr-253 |
| | ) | 1:21-cr-21-2 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JUSTIN MICHL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 19, 2022, defendant Justin Michl ("Michl" or "defendant") was sentenced jointly in N.D. Ohio Case Nos. 5:20-cr-253 and 1:21-cr-21 to an aggregate custody term of 91 months. (Case No. 5:20-cr-253, Doc. No. 53 (Judgment); *see* Minutes of Proceedings [non-document], 4/19/2022; Case No. 1:21-cr-21-2, Doc. 119 (Judgment); *see* Minutes of Proceedings [non-document], 4/19/2022.)

Michl now seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A) by filing identical motions in each of the above-captioned cases. (N.D. Ohio Case No. 5:20-cr-253, Doc. No. 60 (Motion for Compassionate Release); N.D. Ohio Case No. 1:21-cr-21-1, Doc. No. 148 (Motion for Compassionate Release).) Appointed counsel filed in each case a notice of intent not to supplement. (Case No. 5:20-cr-253, Doc. No. 73; Case No. 1:21-cr-21-2, Doc. No. 167 (Notice).) Plaintiff United States of America (the "government") opposes Michl's request for compassionate release. (Case No. 5:20-cr-253, Doc. No. 75 (Response); Case No. 1:21-cr-21-1, Doc. No. 173 (Response).) For the reasons that follow, defendant's motions for compassionate release are DENIED.

I.     BACKGROUND

On May 20, 2020, Michl was indicted on federal drug charges following the July 12, 2019, execution of a search warrant on his residence. (Case No. 5:20-cr-253, Doc. No. 9 (Indictment).) On June 10, 2021, Michl entered a plea of guilty to one count of possession with intent to distribute tetrahydrocannabinols (THC), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id*., Doc. No. 29 (Order of Referral to Magistrate Judge); Doc. No. 33 (R&R); Doc. No. 38 (Order Adopting R&R); Doc. No. 43 (Plea Agreement); Minutes of Proceedings [non-document], 6/10/2021.)

On January 28, 2021, a second indictment issued against Michl, and several others, charging participation in a drug trafficking organization. (Case No. 1:21-cr-21-1, Doc. No. 14 (Indictment).) On June 10, 2021, Michl entered a plea of guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (*Id*., Doc. No. 58 (Order of Referral to Magistrate Judge); Doc. No. 63 (R&R); Doc. No. 92 (Order Adopting R&R); Doc. No. 112 (Plea Agreement); Minutes of Proceedings [non-document], 6/10/2021.)

The Court consolidated the two cases for sentencing and the preparation of a single presentence investigation report ("PSR"). (*See* Case No. 5:20-cr-253, Doc. No. 36 (PSR).)[1] According to the PSR, the base offense level for Count 1 (possession with intent to distribute THC) in Case No. 5:20-cr-253 and Count 2 (possession with intent to distribute marijuana) in Case No.

---

[1] Given the joint sentence and the filing of identical compassionate release motions in each case, unless otherwise noted, all record citations henceforth are to Case No. 5:20-cr-253.

2

1:21-cr-21 was 24. (*See also id.* at 8[2] ¶ 23.) After accounting for the parties' agreed-upon adjustments, the total offense level for those two charges was determined to be 17. (Doc. No. 54 (Statement of Reasons), at 4.) With an offense level of 17 and a criminal history category of III, the corresponding advisory guideline range for the trafficking charges was 30–37 months. (*See id.*) Additionally, Michl was subject to a mandatory consecutive 60-month sentence for Count 2 (possessing a firearm in furtherance of drug trafficking offenses) in Case No. 5:20-cr-253. At the conclusion of the April 19, 2022 sentencing hearing, the Court sentenced Michl as follows: 31 months on Count 1 (possession with intent to distribute THC) in Case No. 5:20-cr-253 and Count 2 (possession with intent to distribute marijuana) in Case No. 1:21-c-21-2 to run currently with each other and to run consecutive to a 60-month mandatory sentence on Count 2 of Case No. 5:20-cr-253 (possession of a firearms in furtherance of a drug trafficking offenses), for an aggregate custody term of 91 months. (Case No. 5:20-cr-253, Doc. No. 53; *see* Minutes of Proceedings [non-document], 4/19/2022; Case No. 1:21-cr-253, Doc. No. 119; *see* Minutes of Proceedings [non-document], 4/19/2022.)

On February 6, 2024, Michl filed his motions for compassionate release.[3] On March 22,

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[3] Due to a clerical error, the Clerk's Office filed Michl's compassionate release motion twice in each case, once as a motion to reduce sentence under Amendment 821 to the Federal Sentencing Guidelines (*see* Case No. 5:20-cr-253, Doc. No. 59; Case No. 1:21-cr-21-2, Doc. No. 147), and once as a motion under 18 U.S.C. § 3582(c)(1)(A). The Court does not understand Michl to be making an argument that he is entitled to a reduced sentence under Amendment 821, nor would the record support such a sentence reduction. Michl would not be entitled to relief under Part A of Amendment 821 because he was not assessed any "status points" at the time of sentencing. He likewise would not qualify for relief under Part B of the Amendment, addressing "zero point" offenders. According to the PSR, Michl's prior criminal record scored 4 criminal history points. (Case No. 5:20-cr-253, Doc. No. 36, at 12 ¶ 48.) Because he has criminal history points, he does not qualify as a "zero point" offender. Given that Michl does not seek, nor is eligible for, relief under Amendment 821, the Clerk is directed to terminate the improperly filed motions to reduce sentence.

2024, Michl filed a supplement in Case No. 1:21-cr-21-2. (Doc. No. 153 (Supplement). He supplemented his motion in Case No. 5:20-cr-253 on June 13, 2024. (Doc. No. 74 (Supplement).) In his motions, as supplemented, Michl insists that he has been subjected to "harsh conditions" during his confinement, noting that he contracted the COVID-19 virus in 2023, which he claims required hospitalization. (Doc. No. 60, at 1–2.) He further argues that he is at greater risk of serious complications should he contract the virus again due to his undocumented diabetes.[4] He also complains that he has been subjected to "sporadic quarantine lockdowns" since 2020. (*Id*. at 3.) Additionally, he argues that his age at the time he was sentenced (25), his criminal history, and alleged sentencing disparities between himself and his co-defendants in Case No. 1:21-cr-21 constitute extraordinary and compelling reasons justifying early release. (*Id*. at 5–6.)

## II.  LAW AND DISCUSSION

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as

---

[4] At the time of sentencing, Michl reported that he was not under a doctor's care or taking any prescriptions and that he suffered from no major medical conditions. (Doc. No. 36, at 14 ¶ 58.) Michl has not supplied the Court with any post-sentencing medical records.

4

expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Michl does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. Instead, he claims that he is entitled to a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, 18 U.S.C. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." 18

5

U.S.C. § 1B1.13(b).

At the outset, the government correctly observes that there is no evidence before the Court that Michl has exhausted his administrative remedies. While Michl claims that he "has exhausted his administrative remedies by asking the warden at USP Coleman I to file a[n] 18 U.S.C. Section 3582(c)(1)(A) motion to this Honorable Court seeking his reduction in sentence to time served or in the alternative to 2 years off his sentence[,]" he fails to support this representation with any documentation. (*See* Doc. No. 60, at 9.) As the party seeking a compassionate release, it is Michl's burden to show that he is entitled to relief, including that he has properly exhausted his administrative remedies. *See United States v. Williams*, 458 F. Supp. 3d 939, 943 (W.D. Tenn. 2020) ("The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." (citations omitted)). In the absence of any evidence in the record that Michl has exhausted his administrative remedies, the Court must deny Michl's motions for this reason alone.

But even if Michl had properly exhausted, he would still have to demonstrate that he was entitled to relief under the compassionate release statute (18 U.S.C. § 3582(c)(1)(A)) and the relevant BOP policy statement. The Court, therefore, turns to a consideration of whether defendant has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended. Apparently relying on the first category—medical circumstances of the defendant—Michl complains that he has already had a serious bout with COVID-19 and that unspecified harsh conditions at his institution have put him at risk of contracting the virus again, especially since he claims he suffers from diabetes. Under § 1B1.13(b)(1), a defendant's own medical condition (or conditions) may satisfy the

6

extraordinary and compelling threshold if the defendant: has a "terminal illness"; suffers from a "serious physical or medical condition", a "serious functional or cognitive impairment" or is experiencing "deteriorating physical or mental health" because of age that "substantially diminishes the ability of the defendant to provide self-care" in his facility and "from which he . . . is not expected to recover"; or is "suffering from a medical condition that requires long-term care or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1).

Again, Michl has failed to offer any documentation to substantiate his claims, including any documentation that would have demonstrated the severity of his prior case of COVID-19 or that he suffers from any medical conditions, such as diabetes, that would put him at risk of serious complications should he contract COVID-19 again. For this reason alone, his unsubstantiated medical complaints fail to meet the extraordinary and compelling reasons threshold for compassionate release. *See United States v. Hopkins*, 594 F. Supp. 3d 852, 858–59 (E.D. Mich. 2022) (holding that defendant failed to establish extraordinary and compelling reasons for a sentence reduction, in part, because the defendant "has not submitted any medical records indicating that his asthma is 'severe' . . . [or] that his pancreatitis is 'acute'"), *aff'd*, No. 22-1170, 2022 WL 18955859 (6th Cir. Oct. 6, 2022). Moreover, COVID-19 vaccines have been widely available to BOP inmates and staff (as well as the general public) since approximately 2021. The Sixth Circuit has ruled that when a defendant has access to the COVID-19 vaccines, "a defendant's incarceration during the COVID-19 pandemic . . . does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Like all federal inmates, Michl has been given access to the COVID-19 vaccines.

Additionally, BOP records reflect that there are currently no active cases of COVID-19 at Michl's facility. (*See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp, last visited Aug. 5, 2024.) As such, the COVID-19 pandemic, and Michl's exposure to the virus while incarcerated, fail to establish extraordinary and compelling reasons for early release.

Additionally, Michl's undocumented medical conditions, including his diabetes, do not otherwise rise to the level of extraordinary and compelling. Michl does not suffer from a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care, nor does he point to any evidence that he is being denied necessary long-term or specialized care. Rather, his own motions establish that the BOP provided him appropriate treatment in the form of hospitalization from which he has subsequently been released. In short, the BOP appears to be properly treating his non-terminal medical conditions. His medical conditions, therefore, do not rise to the level of extraordinary and compelling reasons justifying early release.

Michl's remaining reasons for release—his age at sentencing (25), his criminal record, and any alleged sentencing disparity with co-defendants—likewise fail to overcome the first obstacle to compassionate release. While he maintains that his criminal record is mostly comprised of minor, non-violent offenses, the governing policy statement does not identify this as an extraordinary and compelling reason. *See* 18 U.S.C. § 1B1.13(b). The "age of the defendant" is a recognized category of extraordinary and compelling reasons, but Michl does not qualify for consideration under the second category because he is not over the age of 65 § 1B1.13(b)(2).[5] Additionally, the Court took Michl's age into consideration at the time of sentencing. And none of

---

[5] In addition to being at least 65 years old, the second category requires the inmate to be "experiencing a serious deterioration in physical or mental health because of the aging process[,]" and to have "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id*. Michl does not meet any of these requirements.

8

these additional reasons rise to the level that, when considered by themselves or together with any of the reasons described" in the first four categories identified in the policy statement, "are similar in gravity to those" other categories. *See* § 1B1.13(b)(5).[6] Michl has not, therefore, established the existence of an extraordinary and compelling reason to warrant a compassionate release.

Even if Michl had cleared this initial hurdle, the Court would still have denied his motion because the sentencing factors in § 3553(a) do not favor release. The nature and circumstances of the charged offenses were serious, as the trafficking of substantial amounts of controlled substances is certainly dangerous. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir 2010) ("To be sure, drug trafficking is a serious offense, that, in itself, poses a danger to the community." (citations omitted)). In Case No. 5:20-cr-253, the police seized over 3,500 THC vape cartridges, three firearms possessed in furtherance of drug trafficking, and over $85,000 in drug cash from Michl's residence. Less than a year later, police stopped Michl and found approximately 100 pounds of marijuana in his truck, along with a firearm, ammunition, and a 30-round magazine loaded with ammunition. His drug trafficking activities, in connection with his possession and use of firearms, continue to support the imposed sentence.

The Court has also considered Michl's stated release plan, his desire to support his wife and be a father to his daughter, the support from his family, and his "verifiable address" where he will be permitted to reside upon his release. (*See* Doc. No. 74-1 (Correspondence).) But after

---

[6] Michl's complaint that he has suffered a sentencing disparity with his co-defendants in Case No. 1:21-cr-21 is without merit. Michl forgets that he was also sentenced in Case No. 5:20-cr-253 to a mandatory 60-month sentence that was not applicable to his co-defendants in Case No. 1:21-cr-21. Further, to the extent he relies on changes in marijuana laws, neither Michl's drug weight base offense level nor the statutory penalties for his crimes have changed. But even if they had, "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement [but it] may be considered for purposes of determining the extent of any such reduction." § 1B1.13(c).

considering all of the § 3353(a) factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds that defendant poses a danger to the community.

### III. CONCLUSION

For the foregoing reasons, the Court denies defendant's motions, as supplemented, for a compassionate release.

**IT IS SO ORDERED**.

Dated: August 6, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**